IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LARRY BRACEY,

                     Plaintiff,                               ORDER

    v.

                                                             10-cv-287-bbc

JAMES GRONDIN, C.O. HUNT,
THOMAS TAYLOR, C.O. MURRAY,
C.O. KOELLER and JOLINDA WATERMAN,

                     Defendants.

---

      This is a civil action in which plaintiff has been allowed to proceed on his claims that defendants Grondin, Hunt, Taylor, Murray and Koeller violated his right to be free from excessive force in violation of the Eighth Amendment and that defendant Waterman acted with deliberate indifference to plaintiff's serious medical needs when she refused to treat plaintiff's head injuries. Now plaintiff has filed a motion for entry of default against defendant James Grondin pursuant to Fed. R. Civ. P. 55(a) along with a motion for appointment of counsel.

      In his motion for entry of default, plaintiff contends that defendant Grondin should be found in default because he failed to respond to plaintiff's complaint within 40 days of the date plaintiff's complaint was screened by the court. However, as defendant Grondin correctly point out in his brief in opposition, the Wisconsin Department of Justice did not accept informal service on his behalf. He was served with plaintiff's complaint on September 15, 2010 and pursuant to Fed. R. Civ. P. 12(a)(a)(A)(I) had until October 6, 2010 in which to file his answer. The answer was filed on September 23, 2010, well within the 21-day deadline established under Rule 12. Therefore, plaintiff's motion for entry of default will be denied.

      Turning to plaintiff's motion for appointment of counsel, I note that plaintiff has made the prerequisite showing that he made reasonable efforts to find a lawyer on his own and that

his efforts were unsuccessful. *Jackson v. County of McLean*, 953 F.2d 1070 (7th Cir. 1992). The next question is whether the complexity of the issues raised in the case exceeds plaintiff's ability to litigate the action himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). In his motion, plaintiff says he requires the assistance of a lawyer because he has limited knowledge of the law and has relied on a jailhouse lawyer to assist him in preparing and filing documents and because his case is complex.

As a starting point, this court would appoint a lawyer to almost every pro se plaintiff if lawyers were available to take these cases. But they are not. Most lawyers do not have the time, the background or the desire to represent pro se plaintiffs in a pro bono capacity, and this court cannot make them. So the court only appoints counsel in cases where there is a demonstrated need, using the appropriate legal test.

Plaintiff's concerns about his legal skill are shared by all persons who file cases without the assistance of a lawyer. Although plaintiff admits that he has received assistance from another inmate in preparing his filings thus far, his complaint and subsequent submissions are clear and contain information appropriate to the type of document filed .

As for the complexity of the case, there is nothing in the record to suggest that this case is factually or legally difficult. The facts of the case are within plaintiff's personal knowledge, and the law governing plaintiff's claims was explained to him in the order granting him leave to proceed. At the preliminary pretrial conference, plaintiff will be given the opportunity to ask questions he has about litigating his case and he will be instructed about how to use discovery techniques available to all litigants under the Federal Rules of Civil Procedure so that he can gather the evidence he needs to prove his case. Following the conference, plaintiff will receive a written order including a copy of this court's procedures for filing or opposing dispositive

motions and for calling witnesses, both of which were written for the very purpose of helping pro se litigants understand how these matters work. In sum, I am not persuaded that plaintiff's case is so complex or his skills so lacking that appointment of counsel is warranted at this time. The motion will be denied without prejudice to plaintiff bringing it at a later stage in his lawsuit.

ORDER

IT IS ORDERED that plaintiff's motion for entry of default, dkt. 22, is DENIED.

Further, IT IS ORDERED that plaintiff's motion for appointment of counsel, dkt. 22, is DENIED without prejudice.

Entered this 20th day of October, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge